IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ANDREW HALL, on behalf of himself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | |
| ADMEDIARY, LLC | **COMPLAINT – CLASS ACTION** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Andrew Hall ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by Admediary, LLC ("Defendant") to market its services through the use telemarketing calls in violation of the Telephone Consumer Protection Act.

2. Plaintiff alleges Defendant made multiple telemarketing calls to residents that have placed themselves on the National Do Not Call Registry, and that by doing so, the Defendant has violated the TCPA.

1

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff is a resident of Georgia and this District.

6. Defendant is a limited liability company headquartered in Valencia, Los Angeles County, CA.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has jurisdiction over Defendant and venue is proper because the calls were made to and received in this District.

## TCPA BACKGROUND

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

12. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

13. Plaintiff's cellular telephone number is (478) 353-XXXX and it has been on the National Do Not Call Registry since July 9, 2025.

14. The cellular telephone number is used by Plaintiff for residential and personal purposes.

15. Plaintiff does not use, and at no time since July 2025 used, telephone number (478) 353-XXXX for business or commercial purposes.

16. Plaintiff does not have a landline telephone number in his home or any other telephone number.

17. Plaintiff uses his cellular phone number for personal use only as one would use a landline telephone number in a home.

18. Plaintiff uses his cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

19. Plaintiff personally pays for his cell phone plan; it is not reimbursed by a business.

20. At no point has Plaintiff sought out or solicited information regarding Defendant's services.

21. Despite that, Plaintiff received telemarketing text messages from Defendant on August 13, 2025 and August 15, 2025.

22. The calls were solicitations from Defendant to sell its legal services.

23. The texts were from the number 49306.

24. The text entry is below:



25. The hyperlink contained in the above text messages directs recipients to Defendant's website when clicked: https://lawdefensegroup.com/depo-

provera/?campaign_id=633&crid=363128566&afid=4387&cid=41890&sid1=&sid2=&sid3=.

26.     The purpose of the calls and text message was to advertise and market Defendant's services.

27.     Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages.

28.     Plaintiff did not request information or promotional materials from Defendant.

29.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

30.     Upon information and good faith belief, Defendant knew, or should have known that telephone number (478) 353-XXXX was registered with the DNC Registry on and after July 9, 2025.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on behalf of himself and the following Class pursuant to Federal Rule of Civil Procedure 23.

32. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National Do Not Call Registry Class**: All persons within the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint through trial.

33. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

34. Excluded from the Class are counsel, Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

36. This Class Action Complaint seeks injunctive relief and money damages.

37.     The Class defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

38.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes members number, at minimum, in the hundreds.

39.     The joinder of all Class members is impracticable due to the size and relatively modest value of each claim.

40.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

42.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (b) whether the Defendant accessed and removed numbers from its calling list that were on the National Do Not Call registry;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class**

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

48. The Defendant's violations were negligent, willful, or knowing.

49. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

50. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

DATED this 24th day of August, 2025.

        */s/ Valerie Chinn*
        Valerie Chinn, Georgia Bar No. 248468
        Attorney at Law
        CHINN LAW FIRM, LLC
        245 N. Highland Ave.
        Suite 230 #7
        Atlanta, GA 30307
        Direct:  404-955-7732
        Facsimile:  404-745-8605
        Email:  vchinn@chinnlawfirm.com

        Anthony I. Paronich *

        Paronich Law, P.C.

        350 Lincoln Street, Suite 2400

        Hingham, MA 02043

        Tel: (617) 485-0018

        anthony@paronichlaw.com

        *Counsel for Plaintiff and the proposed class*

        * *Pro hac vice application to be filed*